Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Duffy Archive Limited*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| DUFFY ARCHIVE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>GALLERYAKA LLC dba AKA,<br><br>Defendant. | CASE NO.: **'25CV3469 JES  BJW**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**(INJUNCTIVE RELIEF DEMANDED)** |

Plaintiff DUFFY ARCHIVE LIMITED by and through its undersigned counsel, brings this Complaint against Defendant GALLERYAKA LLC dba AKA for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff DUFFY ARCHIVE LIMITED ("Duffy") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Duffy's original copyrighted Work of authorship.

2. The archive is made up of negatives and contact sheets of the work of legendary photographer and film producer Brian Duffy. Duffy's work has been

exhibited in numerous galleries and museums around the world. In 2013, the Victoria and Albert Museum procured the right to use Duffy's "Aladdin Sane" image as the lead image for the "David Bowie" exhibition. In 2014, Duffy's second book was released "Duffy Bowie: Five Sessions," which covers the back story to his work with David Bowie. The process of exhibiting Duffy's images continues and the future holds several more book projects illuminating Duffy's eclectic and influential work.

3. Defendant GALLERYAKA LLC dba AKA ("AKA") is a retail screen printing company based in San Diego, California, with a large-scale production house together with a retail store. AKA works with small businesses, bands and larger sized companies, offering full service graphic design, screen printing, embroidery, direct-to-film transfer, and retail finishing. At all times relevant herein, AKA owned and operated the website located at the internet URL www.galleryaka.com (the "Website").

4. Duffy alleges that AKA copied Duffy's copyrighted Work from the internet in order to advertise, market and promote its business activities. AKA committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the AKA's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in California.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, AKA engaged in infringement in this district, AKA resides in this district, and AKA is subject to personal jurisdiction in this district.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                                        CASE NO.: ****

# DEFENDANT

9. GalleryAKA LLC dba AKA is a California Limited Liability Company, with its principal place of business at 3120 University Avenue, San Diego, California, 92104, and can be served by serving its Registered Agent, Javier Alejandro Nunez 3950 Ohio Street, #321, San Diego, California, 92104.

## THE COPYRIGHTED WORK AT ISSUE

10. In 1973, Duffy created the photograph entitled "Z_1258_11," which is shown below and referred to herein as the "Work".



11. Duffy registered the Work with the Register of Copyrights on September 21, 2017 as part of a group registration. The Group Registration was assigned registration number VA 2-068-612. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. At all relevant times Duffy was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY AKA

13. AKA has never been licensed to use the Work for any purpose.

14. On a date after the Work was created, but prior to the filing of this action, AKA copied the Work.

15. On or about November 8, 2024, Duffy discovered the unauthorized use of its Work on the Website, specifically a "David Bowie Prayer Candle" for purchase by consumers.

16. AKA copied Duffy's copyrighted Work without Duffy's permission.

17. After AKA copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its print and retail sales business.

18. AKA copied and distributed Duffy's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

19. AKA committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

20. Duffy never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

21. Duffy notified AKA of the allegations set forth herein on May 7, 2025 and May 22, 2025. The Parties have failed to resolve the matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

22. Duffy incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Duffy owns a valid copyright in the Work.

24. Duffy registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

25. AKA copied, displayed, and distributed the Work and made derivatives of the Work without Duffy's authorization in violation of 17 U.S.C. § 501.

26. AKA performed the acts alleged in the course and scope of its business activities.

27. Defendant's acts were willful.

28. Duffy has been damaged.

29. The harm caused to Duffy has been irreparable.

## COUNT II

## VICARIOUS COPYRIGHT INFRINGEMENT BY AKA

30. Duffy incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

31. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

32. AKA has a direct financial interest in the infringing material because it derives profits from the Website displaying the infringed Work.

33. Despite having the ability to stop the infringed Work from being displayed on its Website, AKA allowed the materials to remain up for display.

34. To the extent that the actions described above were performed by the third-party alone, AKA is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Duffy's authorization in violation of 17 U.S.C. § 501.

35. Duffy has been damaged.

36. The harm caused to Duffy has been irreparable.

WHEREFORE, the Plaintiff DUFFY ARCHIVE LIMITED prays for judgment against the Defendant GALLERYAKA LLC DBA AKA that:

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                                    CASE NO.: ****

  a. AKA and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

  b. AKA be required to pay Duffy its actual damages and Defendant's profits attributable to the infringement, or, at Duffy's election, statutory damages, as provided in 17 U.S.C. § 504;

  c. AKA be required to pay Duffy its damages including lost sales and Defendant's profits as provided in 15 U.S.C. § 1125;

  d. Duffy be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

  e. Duffy be awarded pre- and post-judgment interest; and

  f. Duffy be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Duffy hereby demands a trial by jury of all issues so triable.

DATED: December 8, 2025   Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Duffy Archive Limited*